OPINION
In 1992, appellant was convicted of three counts of attempted rape, in violation of R.C. 2923.02 and R.C.2907.02(A)(2), and sentenced to concurrent terms of imprisonment of seven to fifteen years as to each count. In 1997, while still serving this sentence, appellant was determined to be a "sexually oriented offender" as defined under then newly enacted R.C.2950.01(C).
Appellant now appeals that determination, arguing under a single assignment of error that R.C. 2950, et seq., violates the retroactive, ex post facto, double jeopardy, and equal protection clauses of the Ohio and United States Constitutions. On the authority of State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus, we conclude appellant's arguments as to the retroactive and ex post facto provisions to be without merit.
On the authority of our recently released case of Statev. Johnson (Dec. 31, 1998), Lucas App. No. L-98-1202, we find appellant's remaining arguments concerning the issue of double jeopardy and equal protection to be without merit. Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
James R. Sherck, J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.